UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| ALKEK & WILLIAMS LTD. and ALBERT AND MARGARET ALKEK FOUNDATION, <br><br>*Plaintiffs,* <br><br>vs. <br><br>TUCKERBROOK ALTERNATIVE INVESTMENTS, LP, TUCKERBROOK/SB GLOBAL SPECIAL SITUATIONS GP, LLC, and TUCKERBROOK/SB GLOBAL SPECIAL SITUATIONS FUND, L.P. <br><br>*Defendants.* | § § § § § § § § § § § § § § § § § C.A. NO. _____ |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Alkek & Williams LTD. and Albert and Margaret Alkek Foundation (collectively "Plaintiffs" or "Alkek") file this complaint against Tuckerbrook Alternative Investments, LP ("Tuckerbrook"), Tuckerbrook/SB Global Special Situations GP, LLC ("GSS GP") and Tuckerbrook/SB Global Special Situations Fund, L.P. ("GSS").

## PARTIES, JURISDICTION, AND VENUE

1. Alkek & Williams, LTD. is a Texas limited partnership with its principal place of business in Houston, Texas.

2. The Albert and Margaret Alkek Foundation is a charitable organization with its principal place of business in Houston, Texas.

3. Tuckerbrook is a Delaware limited partnership with its principal place of business in Marblehead, Massachusetts. Tuckerbrook has not registered to do business in the State of Texas, but it is amenable to process here.

4. GSS GP is a Delaware limited liability company with its principal place of business in Stamford, Connecticut. GSS GP has not registered to do business in the State of Texas, but it is amenable to process here.

5. GSS is a Delaware limited partnership with its principal place of business in Stamford, Connecticut. GSS has not registered to do business in the State of Texas, but it is amenable to process here.

6. This Court has subject matter jurisdiction over this matter because there is a complete diversity of citizenship between plaintiffs and defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

7. Venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims occurred here.

## NATURE OF THE SUIT

8.  GSS is an investment "fund of funds" established in November 2007 to invest in "distressed" investments. The Plaintiffs are each limited partners in GSS, having invested substantial monies in GSS. GSS GP is the general partner of GSS. Tuckerbrook serves as the investment adviser for the fund and is the managing member of GSS GP.

9.  Plaintiffs and other limited partners and GSS GP (acting through Tuckerbrook as its managing member) are parties to a Limited Partnership Agreement of GSS ("Agreement"), dated as of November 1, 2007. The Agreement sets out the rights and obligations of the parties.

10. This suit has become necessary because Tuckerbrook and GSS GP have failed to properly administer the Agreement and have failed to comply with Plaintiffs' requests to withdraw from GSS.

## BACKGROUND FACTS

11. Tuckerbrook solicited accredited investors to invest in GSS. Tuckerbrook hired Sumanta Banerjee to launch and manage a distressed asset investment vehicle. Tuckerbrook and Banerjee eventually established GSS. Indeed, the name of the fund, Tuckerbrook/SB Special Situations Fund, LP, indicates that Tuckerbrook and Banerjee (whose initials are SB) were partners in the fund.

12.     As set forth in the Confidential Memorandum for GSS, Banerjee controlled GSS GP and would be primarily responsible for the management of GSS' investment portfolio. Banerjee was critical to the success of GSS. He was a primary reason why Plaintiffs invested in GSS. He was so vital that the Agreement gives the limited partners, like the Plaintiffs, the automatic right to withdraw from GSS if Banerjee

> dies, becomes incompetent or disabled (i.e., unable, by reason of disease, illness or injury, to perform his functions as the managing member of the General Partner for 90 consecutive days), or ceases to be directly or indirectly involved in the activities of the General Partner.

Agreement, Sec. 5.03.

13.     Based on the representations made by Tuckerbrook in the Confidential Memorandum, and based on the rights afforded to the limited partners in the Agreement, Plaintiffs each made seven-figure investments in GSS.

14.     By letter dated March 25, 2008 (and received one day later by Plaintiffs), Tuckerbrook advised the limited partners that it had terminated its employment relationship with Banerjee. This news was a shock to Plaintiffs. The termination triggered the special withdrawal rights set out in the Agreement.

15.     As set forth above, the special withdrawal rights are found in Section 5.03 of the Agreement. The terms of the withdrawal may be summarized as follows:

- Any limited partner can exercise the right to withdraw by giving notice within 30 days of learning of Banerjee's separation from GSS.

- The withdrawal is effective "at the end of the first full calendar month after the Notice Date."

- The limited partner who exercises a right to withdraw is entitled to receive 90% of the value of his capital account "promptly following the end of such calendar month."

- The balance of the capital account is to be paid 30 days after the completion of a special audit.

16. Plaintiffs each timely exercised their withdrawal rights by letters dated April 25, 2008. These withdrawals were to be effective May 31, 2008, the end of the first full calendar month after Plaintiffs sent their notice of withdrawal.

17. Defendants have tacitly acknowledged the withdrawal notices from the Plaintiffs, but they have wholly failed to act on them. Defendants have, in fact, treated Plaintiffs as if they remain as limited partners by continuing to charge, after May 31, 2008, management fees against Plaintiffs' capital accounts.

18. Defendants have so far paid Plaintiffs less than 2% of their capital accounts, substantially less than the 90% of the accounts that is required.

19. Defendants have failed to provide basic information relating to the performance of Plaintiffs' withdrawal rights, despite repeated requests from Plaintiffs.

## COUNT ONE: BREACH OF CONTRACT

20. Defendants have breached the Agreement (a) by failing to return Plaintiffs capital accounts in accordance with the exercise of their special withdrawal rights, and (b) charging management fees against the Plaintiffs' accounts after May 31, 2008.

21. Plaintiffs seek to recover the monetary value of their capital accounts as of May 31, 2008, plus interest as allowed by the Agreement and/or by law. Plaintiffs further seek restitution by GSS of any management fees charged to Plaintiffs' accounts after May 31, 2008.

22. Plaintiffs seek to recover the reasonable and necessary attorneys fees incurred in the prosecution of this claim.

## COUNT TWO: DECLARATORY JUDGMENT

23. Defendants apparently dispute that the withdrawal by Plaintiffs from GSS is effective as of May 31, 2008. Plaintiffs therefore seek a declaration that they have withdrawn as limited partners effective May 31, 2008, that they are entitled to the value of their capital accounts as of that date, and that they do not bear any fees or expenses of GSS after that date.

24. Plaintiffs seek to recover the reasonable and necessary attorneys fees incurred in the prosecution of this claim.

## COUNT THREE: ACCOUNTING

25. Because of Defendants' refusal to provide information concerning the value of Plaintiffs' capital accounts as of May 31, 2008, Plaintiffs seek an accounting of their capital accounts.

26. Plaintiffs further seek to compel Defendants to perform the special audit required as a result of the exercise by Plaintiffs of their withdrawal rights.

## CONCLUSION AND PRAYER

27. Plaintiffs pray that the Defendants be cited to appear and answer and upon final hearing that Plaintiffs have and recover judgment against Defendants, as follows:

- A declaration that Plaintiffs are entitled to withdraw from GSS, effective as of May 31, 2008, with no further liability for any management fees incurred after that date;

- For recovery in full of their capital accounts, valued as of May 31, 2008;

- For recovery of any management fees improperly charged to Plaintiffs' accounts after May 31, 2008;

- For recovery of all reasonable and necessary attorneys' fees;

- For costs of court;

- For pre-judgment and post-judgment interest; and

- For such other and further relief, both legal and equitable, special and general, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**BECK, REDDEN & SECREST, LLP**


/S/ Murray Fogler

Murray Fogler
State Bar No. 07207300
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)
**ATTORNEY-IN-CHARGE
FOR PLAINTIFFS**

**DATE:   November 26, 2008.**